IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-02542-GPG

J.M.,

      Petitioner-Plaintiff,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,
GEORGE VALDEZ, Acting Field Office Director, Denver, U.S. Immigration and Customs Enforcement, in his official capacity,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity,
DAVID J. VENTURELLA, Senior Official Performing the Duties of the Director of Immigration and Customs Enforcement, in his official capacity,
JOSEPH EDLOW, Director of U.S. Citizenship and Immigration Services, in his official capacity, and
TODD BLANCHE, Acting Attorney General, U.S. Department of Justice, in his official capacity,

      Respondents-Defendants.

---

## TEMPORARY RESTRAINING ORDER

---

Before the Court is Petitioner's Motion for Ex Parte Temporary Restraining Order, Temporary Restraining Order and/or Preliminary Injunction (D. 4). The Court GRANTS IN PART the motion as follows:

A court presented with an *ex parte* emergency request for a temporary restraining order (TRO) pursuant to Federal Rule of Procedure 65 is authorized to issue a TRO to avoid "immediate and irreparable injury." Fed. R. Civ. P. 65(b)(1)(A). The basic purpose of a TRO is to "preserv[e] the status quo and prevent[] irreparable harm" before a preliminary injunction hearing may be

1

held. *Granny Goose Foods, Inc. v. Bd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). TROs are—by definition—temporary: a TRO issued on an *ex parte* basis lasts no more than 14 days (unless the issuing court extends it "for good cause . . . for a like period or the adverse party consents to a longer extension"). *See* Fed. R. Civ. P. 65(b)(2). Moreover, when a court issues an *ex parte* TRO, the adverse party may appear on two days' notice—or on shorter notice set by the court—and move to dissolve or modify the TRO. *See* Fed. R. Civ. P. 65(b)(4).

Petitioner presented sufficient evidence to indicate Respondents will not, under current policy, provide Petitioner with a bond hearing (*see* D. 4 at 6). The Government is constitutionally obligated to provide due process. *See Trump v. J.G.G.*, 145 S. Ct. 1003, 1006 (2025) (per curiam) ("'It is well established that the Fifth Amendment entitles aliens to due process of law' in the context of removal proceedings." (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993))). Expedited court intervention is sometimes necessary to prevent violations of due process rights during immigration proceedings. *See A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1368 (2025) (granting TRO to prevent expedited deportation potentially violative of due process). To protect the status quo, the Court enters this TRO enjoining Respondents from removing Petitioner from the United States or transferring him out of Colorado.

Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), and in order to preserve the Court's jurisdiction, Defendants SHALL NOT REMOVE Petitioner from the District of Colorado or the United States unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this Order. *See also Vizguerra-Ramirez v. Choate, et. al*, Case No. 1:25-cv-881, D. Colo., ECF No. 11

at 4-5 (collecting cases); *F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 603 (1966); *Local 1814, Int'l Longshoremen's Ass'n v. New York Shipping Ass'n*, 965 F.2d 1224, 1237 (2d Cir. 1992).

It is FURTHER ORDRED that, to the extent they have not yet done so, Petitioner's counsel is directed to serve Respondents with a copy of the Petition and accompanying papers,[1] Petitioner's Motion for a TRO (D. 4), and a copy of this Order; and (2) promptly file proof of such service on the docket. Counsel for Respondents shall promptly enter notices of appearance, and, within 10[2] days of service as set out above, Respondents are ORDERED TO SHOW CAUSE as to why the Petition should not be granted. Petitioners shall then have 14 days in which to file a reply.

DATED June 10, 2026.

BY THE COURT:



_____

[1] The Petition indicates that counsel for Petitioner has sent the Petition to all Respondents via certified mail. Federal Rule of Civil Procedure 4(i)(2) requires that to serve "a United States officer or employee sued only in an official capacity," a party must also "serve the United States" in addition to sending a copy of the summons and complaint by registered or certified mail to the agency, corporation, officer or employee. To serve the United States, a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1). Plaintiffs have not indicated that they have either delivered a copy of the summons and complaint to the U.S. attorney for the District of Colorado or sent a copy of the summons and complaint by registered or certified mail to the civil-process clerk at the U.S. attorney's office.

[2] While the Court's usual practice is to order a response within 7 days, Respondents here are granted longer than 7 days due to the undue length of both the Petition for Writ of Habeas Corpus (D. 1) and motion for a TRO (D.4).

Gordon P. Gallagher
United States District Judge